Joel G. Green
INTEGRITY LAW GROUP, PLLC
2033 Sixth Avenue, Suite 920
Seattle, Washington 98121
(206) 838-8118
jgreen@ilgseattle.com
JoelGreenLaw@gmail.com

Attorneys for: Andrew Seligman

HONORABLE TIMOTHY W. DORE
Chapter 7
Hearing Date: September 16, 2022
Hearing Time: 9:30 AM
Response Date: September 9, 2022
Courtroom: 8106

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE

In re:

KAT V. NGUYEN,

    Debtor.

Case No.: 22-10340-TWD

OBJECTION AND RESPONSE TO DEBTOR'S MOTION TO AVOID SELIGMAN JUDGMENT LIEN

    Secured Creditor, Andrew Seligman ("Seligman"), files this objection to the Debtor's Motion to Avoid Judicial Lien as Impairing Homestead Power (the "Motion"). The Debtor is not entitled to a homestead because (1) the funds used purchase her homestead were obtained by defrauding Seligman such that she is not entitled to a homestead exemption, (2) Seligman has an equitable lien on the property that cannot be avoided, and (3) the judicial lien is also an owelty lien, which is in the nature of a vendor's lien, such that the homestead exemption is not available against an execution or forced sale in satisfaction of judgments obtained pursuant to RCW 6.13.080(1), and therefore cannot be avoided under 11 USC § 522(f)(1)(A). Based upon the foregoing, the Debtor's Motion should be denied.

OBJECTION AND RESPONSE TO DEBTOR'S MOTION TO
AVOID SELIGMAN JUDGMENT LIEN - 1

**INTEGRITY LAW GROUP, PLLC**
2033 Sixth Avenues, Suite 920
Seattle, Washington 98121

The objection is supported by the Declarations of Andrew Seligman previously filed herein, the Declaration of Andrew Seligman filed herewith, and the Declaration of Joel Green filed herewith.

## ISSUES PRESENTED

A. Was Seligman properly served by the Debtor such that her Motion can be heard? The Answer is no, Seligman was not properly served in accordance with the applicable Local Bankruptcy Rules.

B. Is the Debtor entitled to a homestead when the Debtor committed fraud against Seligman because the funds used purchase her present residence were obtained using money that was rightfully owed to Seligman from the whistlebl0wer settlement, such that she is not entitled to a homestead exemption? The answer is no, she is not entitled to a homestead exemption as to Seligman because she purchased the homestead with funds belonging to Seligman.

C. Is the Seligman judicial lien also an owelty lien, which is in the nature of a vendor's lien, such that the homestead exemption is not available against an execution or forced sale in satisfaction of judgments obtained pursuant to RCW 6.13.080(1), and therefore cannot be avoided under 11 USC § 522(f)(1)? The answer is yes, the judicial lien arising out of the July 2, 2021 King County Superior Court Order Enforcing Final Orders; Order Granting Judgment; and Order for Attorney Fees and Costs arose in the parties' marital dissolution case created an owelty lien, which is in the nature of a vendor's lien and cannot be avoided under 11 USC Section 522(f)(1) even though it was incurred after the Final Divorce Order (Dissolution), which incorporated the Property Division Agreement, was entered, by virtue of RCW 6.13.080(1)j, which provides that the homestead exemption is not available to the Debtor because it is a vendor's lien arising out of and against the particular property claimed as a homestead.

## LEGAL ARGUMENTS

A. SELIGMAN WAS NOT PROPERLY SERVED BECAUSE THE DEBTOR FAILED TO COMPLY WITH THE NOTICE REQUIREMENTS IN THE LOCAL BANKRUPTCY RULES

LBR 2002-1(g) provides that LBR 9013-1(c) applies to Notice of hearings. LBR 9013-1(c)(3) provides:

(3) Contents of Notice. Every motion shall be set for hearing, and the moving party shall give notice of the motion and the hearing.

OBJECTION AND RESPONSE TO DEBTOR'S MOTION TO
AVOID SELIGMAN JUDGMENT LIEN - 2

**INTEGRITY LAW GROUP, PLLC**
2033 SIXTH AVENUES, SUITE 920
SEATTLE, WASHINGTON 98121

(A) The notice may be combined with the motion, provided that (i) the caption so indicates, (ii) the notice is the first part of the text of the pleading, and (iii) the parts are separately headed.

(B) The notice shall clearly state (i) the date, time and place of hearing, (ii) the nature of relief requested and the grounds therefor, unless the notice and motion are combined, (iii) that any party opposing the motion must file and serve a written response by the response date, which shall be set out, and (iv) that if no response is filed by the response date, the court may in its discretion grant the motion prior to the hearing, without further notice. The notice shall substantially comply with Local Bankruptcy Form 1 (Notice of Motion and Hearing).

The Debtor did not file a separate Notice of Hearing. The rule permits the Debtor to combine the notice with the motion, but the Debtor did not provide in the caption that it was a Motion and Notice of Hearing on her Motion, nor did she provide that the notice was the first part of the text of the pleading, and the parts were not separately headed. Arguably the Court could find that Seligman was not prejudiced by these failures, but given the initial Motion's filing at Docket No. 31 was deficient because it did not provide Seligman with adequate time under the LBR for responding to motions, though the error was arguably fixed in the Docket No. 38. However, the Court also has the choice of either enforcing the LBRs and require the Debtor to refile the motion and provide proper notice.

B. THE DEBTOR IS NOT ENTITLED TO A HOMESTEAD AS TO SELIGMAN BECAUSE SHE PURCHASED IT WITH FUNDS FROM HER WHISTLEBLOWER SETTLEMENT OF $1,980,000 OF WHICH AMOUNT $495,000 WAS SELIGMAN'S SHARE PURSUANT TO THE PROPERTY SETTLEMENT AGREEMENT OF MAY 24, 2018, WHICH REMAINS UNPAID; SELIGMAN'S RIGHT TO THOSE FUNDS WAS CONFIRMED BY THE KING COUNTY SUPERIOR COURT ON JULY 2, 2021; IF THERE IS NO HOMESTEAD EXEMPTION AVAILABLE TO THE DEBTOR AS TO SELIGMAN, SHE CANNOT AVOID THE JUDICIAL LIEN.

Although homesteads are favored under Washington law, the right to a homestead is not absolute. There is a requirement that homesteads must be claimed in good faith. *Barouh v. Israel*, 46 Wash.2d 327, 332, 281 P.2d 238 (Wash. 1955), as cited in *Webster v. Rodrick*, 64 Wn.2d 814, 816, 394 P.2d 689 (Wash. 1964). The purpose of a homestead exemption is to be used as a shield to protect the Debtor in the enjoyment of a domicile. But a judgment debtor has no right to use the homestead statutes as a sword to protect a theft. in *Webster v. Rodrick*, 64 Wn.2d 814,

OBJECTION AND RESPONSE TO DEBTOR'S MOTION TO
AVOID SELIGMAN JUDGMENT LIEN - 3

**INTEGRITY LAW GROUP, PLLC**
2033 Sixth Avenues, Suite 920
Seattle, Washington 98121

Case 22-10340-TWD    Doc 43    Filed 09/09/22    Ent. 09/09/22 16:30:04    Pg. 3 of 9

816, 394 P.2d 689 (Wash. 1964). The facts of the Debtor's theft or misappropriation of Seligman's $495,000 share of the whistleblower settlement are uncontested. Those funds were clearly used to purchase the Renton home, and the Debtor has admitted that the proceeds from the sale of her Covington residence (her claimed homestead) as well as whistleblower proceeds and the IRA funds. Furthermore, the Debtor admitted at the meeting of creditors that she "lost" the IRA funds of $275,000, so it is not possible that any portion of those funds were used to purchase the Covington residence. Thus, only funds from her whistleblower settlement, as traced from the purchase of the Renton residence to the purchase Covington residence were used to purchase the Covington residence.

In the case of *In re Marriage of Gass,* 2014 Wash. App. Lexis 2576, the Washington Court of Appeals, Division One, held that the homestead statute exemption cannot be used to facilitate unjust enrichment. Where a party has wrongfully obtained funds belonging to another and there is a sufficient connection between the wrongfully obtained funds and the homestead property, a court may impose the equitable remedy of a constructive trust on proceeds received from the sale of that property. *Id.* at *1. In this case, the Debtor used whistleblower funds in which Seligman had an interest to first purchase her Renton home, and then used the proceeds of the sale of the Renton home to purchase the Covington property, in which the Debtor has claimed a homestead exemption. That misappropriation of Seligman's share of the whistleblower funds was done intentionally and in bad faith, such that the Debtor cannot use the homestead statute exemption to facilitate unjust enrichment or fraud, and the court in equity may impose a constructive trust. In the alternative Seligman is entitled to to an equitable lien to be imposed against the homestead because the Debtor acquired the funds to purchase the homestead by fraud or theft, as provided in the *Webster v. Rodrick* case.

The *Webster* case allows an equitable lien to be imposed against a homestead when the homestead claimant acquires the funds to purchase the homestead by fraud or theft **or other wrongful conduct**. *Pinebrook Homeowners Ass'n v. Owen,* 48 Wash. App. 424, 430, 739 P.2d 110, *review denied*, 109 Wn.2d 1009 (1987). The imposition of an equitable lien against homestead property requires a showing that the wrongfully obtained funds are traceable in some way to the homestead property or connected with its use or obtained by intention culpability such as fraud. See *Christensen v. Christgard, Inc.* 35 Wash. App. 626, 630-31, *review denied,* 100 Wn.2d 1032 (1983). The facts in this

OBJECTION AND RESPONSE TO DEBTOR'S MOTION TO
AVOID SELIGMAN JUDGMENT LIEN - 4

INTEGRITY LAW GROUP, PLLC
2033 SIXTH AVENUES, SUITE 920
SEATTLE, WASHINGTON 98121

case show a clear connection between the Debtor's misappropriation of Seligman's share of the whistleblower proceeds and the property she now claims as exempt. Furthermore, the Debtor willfully disregarded the King County Superior Court's June 10, 2021 order requiring her to deposit $500,000 in her lawyer's trust account at a time when she had more than that amount in her possession from the sale of her Renton home, where the debtor also admits to using whistleblower funds to purchase the Covington house.

C. THE DEBTOR CANNOT AVOID THE LIEN UNDER 11 USC § 522(f) BECAUSE THE JUDICIAL LIEN CREATED BY THE JULY 2, 2021 KING COUNTY SUPERIOR COURT'S ORDER ENFORCING FINAL ORDERS; ORDER GRANTING JUDGMENT; AND ORDER FOR ATTORNEY FEES AND COSTS WAS INCURRED IN THE MARITAL DISSOLUTION CASE EVEN THOUGH IT WAS AFTER THE DECREE OF DISSOLUTION, WHICH INCORPORATED THE PROPERTY DIVISION AGREEMENT BUT THERE IS NO LAW THAT PROVIDES AN OWELTY LIEN CAN BE ESTABLISHED AT ANY TIME. BECAUSE THAT ORDER CREATED AN OWELTY LIEN, WHICH IS IN THE NATURE OF A VENDOR'S LIEN, THE HOMESTEAD EXEMPTION IS NOT AVAILABLE TO THE DEBTOR UNDER RCW 6.13.080(1).

At the June 10, 2021 hearing, the King County Superior Court ordered the Debtor to place $500,000 in her attorney's trust account or post a bond in that amount. The Debtor willfully ignored that order knowing that she had at least that amount of cash on hand form the closing of the sale of her Renton residence.

On July 2, 2021, the King County Superior Court and entered its Order Enforcing Final Orders; Order Granting Judgment; and Order for Attorney Fees and Costs granted wherein Seligman was awarded the principal sum due to him from the whistleblower settlement of $495,000; interest through July 1, 2021 in the amount of $160,949.86, and attorney fees of $1980.00, for a total due of $657,929.86. The Order notes that the Debtor failed to comply with its order of June 10, 2021 requiring the Debtor to pay $500,000 into her attorney's trust account or post a bond in that amount. Pursuant to RCW4.56.190, Seligman obtained a judgment lien against the Debtor's

OBJECTION AND RESPONSE TO DEBTOR'S MOTION TO
AVOID SELIGMAN JUDGMENT LIEN - 5

**INTEGRITY LAW GROUP, PLLC**
2033 Sixth Avenues, Suite 920
Seattle, Washington 98121

residence. However, as will be shown below, that lien is also an owelty lien, which is in the nature of a vendor's lien, which cannot be avoided under 11 USC § 522(f) pursuant to RCW 6.13.080(1).

In the case of *Huff v. Huff (In re Huff)*, 2019 Bankr. LEXIS 233, the Court stated even though the lien on the house arose from the decree of dissolution, a valid deed of trust also creates a consensual lien on the residence. So, Defendant Ms. Weyant had an interest in the residence prior to the entry of the decree of dissolution as her lien was created to equalize a division of community property and is thus an owelty lien in the nature of a vendor's lien. 11 U.S.C. § 522(f) sets out three conditions which are prerequisites for avoidance of liens: (1) the lien must fix on an interest of the debtor in property; (2) to the extent that the lien impairs an exemption to which the debtor would have been entitled; and (3) the lien must be a judicial lien. In *Huff*, the third prerequisite was not satisfied, and thus, the lien was not avoided. Similarly, in this case, Seligman had a recognizable interest in the whistleblower settlement funds prior to the entry of the Final Divorce Order. Although no lien was ordered at that time, the Property Division Agreement was created to equalize a division of community property. No lien was entered at that time because while there was a recognizable interest, the value of that interest was not established until after the Final Divorce Order was entered, and it is still an owelty lien in the nature of a vendor's lien, because the amount of Seligman's interest was not determined until the entry of the July 2, 2021 order.

11 U.S.C. § 101(36) provides that a "judicial lien" is a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." *In re Stone*, 119 B.R. 222, 1990 Bankr. LEXIS 2001, the Court stated that judicial liens may coexist with other categories of liens in the same property. The Washington State Supreme Court discussed the nature of vendor's liens in the case of *In re Washburn*, 98 Wash. 2d 311, 654 P.2d 700 (1982), "the vendor's lien is an equitable principle, such that a person who has secured the estate of another and has not paid for it ought not, in good conscience, be allowed to keep it." This suggests that the vendor's lien is an equitable lien. In *Huff*, the lien arose from the decree of dissolution, making it an equitable judicial lien as it required judicial action for its creation. But the Debtor also signed a deed of trust, a consensual lien. Consensual liens cannot be avoided. Additionally, in *Huff*, the Debtor's argument failed because "the homestead exemption is not available against an execution or forced sale in satisfaction of judgments obtained: (1) On debts secured by . . . vendor's liens arising out of and against the particular property claimed as a homestead." RCW 6.13.080(1). Here, the lien arose from the Final

OBJECTION AND RESPONSE TO DEBTOR'S MOTION TO
AVOID SELIGMAN JUDGMENT LIEN - 6

INTEGRITY LAW GROUP, PLLC
2033 Sixth Avenues, Suite 920
Seattle, Washington 98121

Divorce Order, which incorporated the Property Division Agreement, creating an equitable judicial lien as it required judicial action for its creation, which occurred when the July 2, 2021 order was entered.

Furthermore, the critical issue in determining whether a debtor may avoid a lien under 11 USC § 522(f)(1) is whether the debtor "ever possessed the interest to which the lien fixed, before it fixed." *In re Catli*, 999 F.2d 1405, 1408 (9th Cir. 1993).

A lien awarded in a dissolution proceeding to equalize distribution of jointly held or community property is an owelty lien. A judgment for owelty is an equitable lien in the nature of a vendor's lien. *Hartley v. Liberty Park Assoc*, 54 Wash. App. 434, at 438, 774 P.2d 40 at 42 (1989). In *Hartley*, the Court stated that a judgment granted by the superior court creates a lien against the judgment debtor's nonexempt real property. RCW 4.56.190. Judgment liens of the superior court for the county in which the real estate of the judgment debtor is situated commence from the time the judgment is entered. RCW 4.56.200(1). Real property which constitutes the primary residence of the judgment debtor is exempt as a homestead from execution or forced sale, except as provided in RCW 6.13.080 (when homestead is not available). *Federal Intermediate Credit Bank v. O/S Sablefish*, 111 Wn.2d 219, 229, 758 P.2d 494 (1988). Judgments of the superior court will not become liens upon homestead property except in certain specified situations fixed by statute. *See* RCW 6.13.080; *Mahalko v. Arctic Trading Co.*, 99 Wn.2d 30, 34, 659 P.2d 502 (1983), overruled on other grounds in *Felton v. Citizens Fed. Sav. & Loan Ass'n*, 101 Wn.2d 416, 424, 679 P.2d 928 (1984); *Webster v. Rodrick*, 64 Wn.2d 814, 817, 394 P.2d 689 (1964). Such "specified situations" include judgments obtained "on debts secured by mechanic's, laborer's, materialmen's 'or vendor's liens upon the premises'," RCW 6.13.080(1), and will become judgment liens pursuant to RCW 4.56.190 and RCW 4.56.200. *See Webster v. Rodrick*.] So, if a debtor opts for the state exemptions, he or she takes them subject to the exceptions. *Stone*, 119 B.R. at 232-35. Hence, Defendant Ms. Weyant's lien is an exception to the Debtor's homestead exemption.

In this case, the Debtor chose the Washington state exemption scheme under Ch. 6.13 RCW, and is bound by the entirety of the scheme. RCW 6.13.080 provides in part that, "The homestead exemption is not available against an execution or forced sale in satisfaction of judgments obtained: (1) On debts secured by mechanic's, laborer's, materialmen's, or vendor's liens upon the premises. The Debtor and Seligman entered into the Property Division

OBJECTION AND RESPONSE TO DEBTOR'S MOTION TO
AVOID SELIGMAN JUDGMENT LIEN - 7

**INTEGRITY LAW GROUP, PLLC**
2033 Sixth Avenues, Suite 920
Seattle, Washington 98121

Case 22-10340-TWD    Doc 43    Filed 09/09/22    Ent. 09/09/22 16:30:04    Pg. 7 of 9

Agreement in order to equalize the jointly held or community property. A lien awarded in a dissolution proceeding to equalize distribution of joint held or community property is an owelty lien. *Hartley v. Liberty Park Assocs.*

In *Hartley*, the court held that, "A sum of money paid in the case of partition of unequal proportions for the purpose of equalizing the portions is an owelty, and may be allowed as a lien on the excessive allotment if payment cannot be made at once. *See Von Herberg [v. Von Herberg] 6 Wash.2d [100], 121, [106 P.2d 737]*; 4 G. Thompson, Real Property § 1827 (1979 repl.); 59A §§ 2, 257, 258 (1987). A judgment for owelty is an equitable lien in the nature of a vendor's lien, which will prevail over a declaration of homestead. *Adams v. Rowe,* 39 Wn.2d 446, 447, 236 P.2d 355 (1951).

11 USC § 522(f) sets out three conditions which are prerequisites for avoidance of liens: (1) the lien must fix on an interest of the debtor in property; (2) to the extent that the lien impairs an exemption to which the debtor would have been entitled; and (3) the lien must be a judicial lien. In this case, Seligman had a recognizable interest in the whistleblower settlement funds prior to the entry of the Final Divorce Order. Although no lien was ordered at that time, the Property Division Agreement was created to equalize a division of community property. No lien was entered at that time because while there was a recognizable interest, the value of that interest was not established until after the Final Divorce Order was entered, and it is still an owelty lien in the nature of a vendor's lien, because the amount of Seligman's interest was not determined until the entry of the July 2, 2021 order at which time the owelty lien was created. To the extent that it is a judicial lien, it may coexist with other categories of liens in the same property including owelty liens. *In re Stone,* 119 BR 222, 227 (Bankr. ED Wash. 1990). Here, the lien arose from the Final Divorce Order, which incorporated the Property Division Agreement, creating an equitable judicial lien as it required judicial action for its creation, which occurred when the July 2, 2021 order was entered. *Id.* at 230.

In addition to the foregoing, in the case of *In re Marriage of Estes*, 84 Wn. App. 586, 929 P.2d 500, 1997 Wash. App. LEXIS 42 (1997) is instructive with respect to undetermined amounts. In that case, the husband testified at trial that the contingency fees had zero value. The court found, however, that "proceeds of a contract obtained during the marriage in the conduct of the community's business may be awarded to both parties and divided between them <u>when received</u>." At 590-91 (emphasis added). So, even speculative, undetermined fees are automatically presumed to be a marital asset, as long as the contract was entered into during the marriage and some

OBJECTION AND RESPONSE TO DEBTOR'S MOTION TO
AVOID SELIGMAN JUDGMENT LIEN - 8

**INTEGRITY LAW GROUP, PLLC**
2033 SIXTH AVENUES, SUITE 920
SEATTLE, WASHINGTON 98121

work was done during the marriage. The fact that a judgment summary in the divorce decree reads "zero" doesn't eliminate whether there's a marital lien and resulting judgment.

As noted in the case of *In re Marriage of Wintermute*, 70 Wn. App. 741, 744, 855 P.2d 1186 (1993), *review denied*, "When a court awards the family home to one party in a dissolution and awards the other party a compensating sum, the equalization is done under the doctrine of owelty." So, in essence, the owelty lien existed *at the time of the divorce decree*, regardless of whether it was explicitly stated as a judgment in the divorce decree (or whether the actual amount of that lien was established later). Seligman was awarded an amount of the settlement that could not be specified at the time, and that is the owelty lien. The actual amount of that owelty was later determined in the judgment that Afton got against the Debtor and for all practical purposes relates back to the Final Divorce Order (Dissolution).

Based upon the foregoing, the Court should hold that the Debtor does not have any exemption in her Covington residence because she purchased it using funds belonging to Seligman, and it is also not avoidable because the lien in question is an owelty lien.

DATED this 9th day of September 2022.

INTEGRITY LAW GROUP, PLLC

By: /s/ Joel Green
　　　Joel G. Green, WSBA #8706

/s/Justin Mishkin
　　Justin Mishkin, WSBA#38864

OBJECTION AND RESPONSE TO DEBTOR'S MOTION TO
AVOID SELIGMAN JUDGMENT LIEN - 9

INTEGRITY LAW GROUP, PLLC
2033 SIXTH AVENUES, SUITE 920
SEATTLE, WASHINGTON 98121